UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT EDMONDS                                                                                   PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:16-CV-00170-CRS-CHL

RANDY WHITE, WARDEN
KENTUCKY STATE PENITENTIARY                                                                       DEFENDANT

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of Defendant Randy White, the Warden for the Kentucky State Penitentiary, ("the Warden") to dismiss the habeas petition of Plaintiff Robert Edmonds due to the expiration of the applicable statute of limitations or for an extension of time in which to answer the petition, ECF No. 7. Edmonds responded, ECF No. 14. The Warden replied, ECF No. 15. For the reasons stated below, the Court will grant the motion of the Warden to dismiss Edmonds's habeas petition.

II.  Background

A Jefferson County, Kentucky Circuit Court jury found Edmonds guilty of two counts of first degree rape, two counts of first degree sodomy, and being a persistent felony offender in the second degree. Ky Sup. Ct. Mem. Op. 1, ECF No. 9-1. He received consecutive sentences that added up to sixty years of imprisonment. *Id*. He directly appealed to the Kentucky Supreme Court. *Id*. The Kentucky Supreme Court affirmed Edmonds's conviction and sentence on June 21, 2012. *Id*.

On August 7, 2013, Edmonds moved for post-conviction relief under Kentucky Rule of Criminal Procedure 11.42. Ky. Ct. App. Op. 1–2, ECF No. 9-4. He sought to vacate the conviction and sentence or, alternatively, for the court to grant him an evidentiary hearing so that

1

he could further pursue his post-conviction relief claims. *Id*. The Jefferson County Circuit Court summarily denied Edmonds's motion for post-conviction relief on September 16, 2013. Op. & Order 1–2, ECF No. 17-3.

Edmonds untimely appealed the trial court's denial of his motion for post-conviction relief on October 17, 2013. Notice Appeal 4, ECF No. 17-4; Jefferson Circuit Court App. 10, ECF No. 17-6. The Kentucky Court of Appeals issued to Edmonds a show-cause order as to why the appeal should not be dismissed for his failure to timely appeal the denial of his motion for post-conviction relief on November 19, 2013. Ky. Ct. Appeals App. 2, ECF No. 17-2. The Kentucky Court of Appeals granted him a belated notice of appeal on February 19, 2014. *Id*. The Kentucky Court of Appeals later affirmed the denial of Edmonds's motion for post-conviction relief. Ky. Ct. App. Op. 1–2, ECF No. 9-4. The Kentucky Supreme Court declined to review the decision on February 10, 2016. Ky. Sup. Ct. Order 57, ECF No. 9-2. On March 17, 2016, Edmonds filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. Pet. 1, ECF No. 1.

III. Discussion

The Warden now moves to dismiss Edmonds's habeas petition due to the expiration of the one-year applicable statute of limitations or, in the alternative, for an extension of time in which to answer the petition. Mot. Dismiss 1, ECF No. 7. A party asserting the affirmative defense of the expiration of the statute of limitations has the burden of demonstrating that the statute has run. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Generally, a party meets this burden "by pointing to materials already before the district court, namely, by pointing out that the petition itself was filed after the statute had run." *Id*.

2

At the heart of the parties' dispute about the motion to dismiss is whether the statute of limitations for the habeas petition was tolled while the Kentucky Court of Appeals and the Kentucky Supreme Court reviewed Edmonds's motion for post-conviction relief. The Warden argues that because Edmonds failed to timely appeal the denial of his motion for post-conviction relief, the statute of limitations was not tolled during this time. *Id*. at 1–2. According to the Warden, Edmonds should have filed his habeas petition shortly after the Jefferson County Circuit Court denied his motion for post-conviction relief. *Id*. Edmonds argues in opposition that the time to file a notice of appeal was tolled under Kentucky law and thus the state court appeal and his federal habeas petition were timely filed. Resp. Opp. Mot. Dismiss 1, ECF No. 14.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs the timeliness of a habeas petition. 28 U.S.C. § 2244. Under AEDPA, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Id*. § 2244(d)(1). In pertinent part, the statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). The statute of limitations is tolled during the period of time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

"An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). A post-conviction application that is untimely filed is not "properly filed" for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). "Federal courts are obligated to accept as valid a state court's interpretation

3

of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

In this case, the Kentucky Supreme Court affirmed Edmonds's direct conviction and sentence on June 21, 2012. Ky Sup. Ct. Mem. Op. 1, ECF No. 9-1. The conviction became final 90 days later when time for petitioning the Supreme Court of the United States for a writ of certiorari expired, on September 19, 2012. *See* S. Ct. R. 13(1) (providing 90-day limit on petitions for certiorari). Because Edmonds's conviction was final, the statute of limitations for filing a habeas petition with this Court began running on this day. *See* 28 U.S.C. § 2244(d)(1)(A).

Edmonds timely moved for post-conviction relief 322 days later, on August 7, 2013. Ky. Ct. App. Op. 1–2, ECF No. 9-4. Edmonds's motion for post-conviction relief began tolling the statute of limitations for filing a habeas petition. *See* 28 U.S.C. § 2244(d)(2). The tolling of the statute of limitations continued until Edmonds's motion for post-conviction relief was no longer pending. *See id*.

On September 16, 2013, the Jefferson County Circuit Court denied Edmonds's motion for post-conviction relief. Op. & Order 27, ECF No. 9-5. Under Kentucky law, Edmonds had thirty days to appeal the ruling. *See* Ky. Rule Crim. P. 12.04(3). Thus, the appeal was due by October 16, 2013; otherwise, the Jefferson County Circuit Court's order became final on that day.

Edmonds filed his appeal one day late, on October 17, 2013. Notice Appeal 4, ECF No. 17-4; Jefferson Circuit Court App. 10, ECF No. 17-6. Because Edmonds failed to properly appeal the denial of his post-conviction motion, the statute of limitations for filing a habeas petition began running again when the order became final on October 16, 2013. And because the

statute of limitations had already passed 322 days (spanning between when his direct appeal became final and when Edmonds filed his motion for post-conviction relief), Edmonds had 43 days, beginning from October 16, 2013, in which to file a habeas petition. The statute of limitations for filing the habeas petition thus expired on November 28, 2013. But Edmonds filed his habeas petition on March 17, 2016, 883 days after October 16, 2013 and 840 days after when the statute of limitations had expired for filing the habeas petition.

| Date | Event | Days Remaining for Statute of Limitations for Habeas Petition |
|---|---|---|
| 9/19/2012 | Edmonds's direct conviction becomes final | 365 |
| 8/7/2013 | Edmonds files motion for post-conviction relief; statute of limitations for habeas petition is tolled | 43 |
| 9/16/2013 | Jefferson County Circuit Court denies Edmonds's motion for post-conviction relief | 43 (tolled) |
| 10/16/2013 | Jefferson County Circuit Court order becomes final after 30 days; statute of limitations for habeas petition begins running again | 43 |
| 11/28/2013 | Statute of limitations for filing habeas petition expires | 0 |
| 3/17/2016 | Edmonds files habeas petition | -840 |

As Edmonds filed his habeas petition after the one-year statute of limitations on the habeas petition had run, the petition will be dismissed.

Edmonds alternatively argues that the Warden's motion to dismiss should be denied because he is entitled to equitable tolling of AEDPA's one-year statute of limitations between when he filed his belated appeal of the Jefferson County Circuit Court's order on November 21, 2013 and when the Supreme Court of Kentucky denied his appeal on February 10, 2016. Resp. Opp. Mot. Dismiss 4–6, ECF No. 14. The Warden argues in opposition that Edmonds is unable

to qualify for equitable tolling of the statute of limitations for his habeas petition. Mem. Supp. Mot. Dismiss 2, ECF No. 6.

AEDPA's statute of limitations is tolled if the plaintiff demonstrates (1) "that he has been pursuing his rights diligently" and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010).

Even considering Edmonds's tolling argument, the Court finds that he could have filed a timely habeas petition and failed to do so. In his response to the show cause order issued by the Kentucky Court of Appeals, Edmonds notes that he untimely appealed the Jefferson County Circuit Court's denial of his motion for post-conviction relief. Resp. Show Cause 2, ECF No. 14-2. As discussed above, the statute of limitations for filing a habeas petition thus was tolled between August 7, 2013, when he filed his motion for post-conviction relief, and October 16, 2013, when the denial of the motion by the Jefferson County Circuit Court became final. The statute of limitations began running again on October 16, 2013.

If the statute of limitations was then tolled again, as Edmonds asserts, on November 21, 2013, when he filed his belated appeal, and until February 10, 2016, when the Kentucky Supreme Court denied to review the decision, Edmonds had seven days remaining days to file a habeas petition before the statute of limitations expired, on February 17, 2016. But Edmonds filed his habeas petition 36 days later, on March 17, 2016. Pet. 1, ECF No. 1. Edmonds could have filed a habeas petition between February 10, 2016 and February 17, 2016. Therefore, even if the statute of limitations were tolled as argued by Edmonds, his habeas petition still would have been filed after the statute of limitations had expired. Accordingly, his habeas petition will be dismissed.

IV.     Conclusion

The Court will grant the motion of the Warden to dismiss the habeas petition. Edmonds's habeas petition will be dismissed with prejudice. An order will be entered in accordance with this memorandum opinion.

February 22, 2017

**Charles R. Simpson III, Senior Judge
United States District Court**

7