UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT EDMONDS                                                                           PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:16-CV-00170-CRS-CHL

RANDY WHITE, WARDEN
KENTUCKY STATE PENITENTIARY                                                              DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Plaintiff Robert Edmonds to alter or amend the memorandum opinion and order that were issued on February 23, 2017, and/or for a certificate of appealability, ECF No. 23. Defendant Randy White, the Warden of the Kentucky State Penitentiary ("the Warden") responded, ECF No. 24. Edmonds did not reply. For the reasons explained below, the Court will deny Edmonds' motion to alter or amend the February 23, 2017 memorandum opinion and order. The Court will also deny Edmonds' request for a certificate of appealability.

II. Background

The Court recounted the facts of this case in its February 23, 2017 memorandum opinion. *See* Mem. Op. 2/23/2017 1–2, ECF No. 18. The Court believes a brief review of the events giving rise to Edmonds' habeas petition and the procedural history of the case would be of assistance in considering the current motion to alter or amend the February 23, 2017 memorandum opinion and order.

A Jefferson County, Kentucky Circuit Court jury found Edmonds guilty of two counts of first degree rape, two counts of first degree sodomy, and being a persistent felony offender in the

second degree. Ky. Sup. Ct. Mem. Op. 1, ECF No. 9-1. Via direct review, the Kentucky Supreme Court affirmed Edmonds' conviction and sentence on June 21, 2012. *Id*.

A little over a year later, on August 7, 2013, Edmonds moved in state court for post-conviction relief under Kentucky Rule of Criminal Procedure 11.42. Ky. Ct. App. Op. 1–2, ECF No. 9-4. The Jefferson County Circuit Court summarily denied Edmonds' motion for post-conviction relief on September 16, 2013. Op. & Order 1–2, ECF No. 17-3.

Edmonds untimely appealed the denial of his motion for post-conviction relief on October 17, 2013 ("the post-conviction relief appeal"). Notice Appeal 4, ECF No. 17-4; Jefferson Circuit Court App. 10, ECF No. 17-6. The Kentucky Court of Appeals granted him leave to file a belated notice of appeal. Ky. Ct. Appeals App. 2, ECF No. 17-2. The Kentucky Court of Appeals affirmed the denial of the motion for post-conviction relief. Ky. Ct. App. Op. 1–2, ECF No. 9-4. The Kentucky Supreme Court declined to review the decision on February 10, 2016. Ky. Sup. Ct. Order 57, ECF No. 9-2. On March 17, 2016, Edmonds filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. Pet. 1, ECF No. 1.

In its February 23, 2017 memorandum opinion, this Court explained that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a person in custody must file a petition for habeas corpus in federal court within one year of a final judgment from a state court. Mem. Op. 2/23/2017 3, ECF No. 18 (citing 28 U.S.C. § 2244). The habeas petition's statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. (citing § 2244(d)(2)).

The Court also noted, "An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings." *Id*. (citing *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001)). The Court then explained, "A post-conviction application that is untimely filed is not 'properly filed' for purposes of § 2244(d)(2)." *Id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

Applying these rules to this case, the Court determined that the statute of limitations for filing a federal habeas petition began running on September 19, 2012, which was ninety days after the Kentucky Supreme Court directly affirmed Edmonds' conviction and sentence. *Id*. at 4. The Court then concluded that the statute of limitations was tolled while Edmonds' motion for post-conviction relief was pending, between August 7, 2013 and October 16, 2013. *Id*. On October 16, 2013, the Jefferson County Circuit Court's denial of Edmonds' motion for post-conviction relief became final under Kentucky procedural rules. *Id*.

Beginning from October 16, 2013, Edmonds had 43 days during which to file a habeas petition in federal court. *Id*. But Edmonds filed his habeas petition on March 17, 2016, 883 days after October 16, 2013 and 840 days after when the statute of limitations had expired for filing the habeas petition. *Id*. at 4–5.

| Date | Event | Days Remaining for Statute of Limitations for Habeas Petition |
|---|---|:---:|
| 9/19/2012 | Edmonds' direct conviction becomes final | 365 |
| 8/7/2013 | Edmonds files motion for post-conviction relief; statute of limitations for habeas petition is tolled | 43 |
| 9/16/2013 | Jefferson County Circuit Court denies Edmonds' motion for post-conviction relief | 43 (tolled) |
| 10/16/2013 | Jefferson County Circuit Court order becomes final after 30 days; statute of limitations for habeas petition begins running again | 43 |
| 11/28/2013 | Statute of limitations for filing habeas petition expires | 0 |
| 3/17/2016 | Edmonds files habeas petition | -840 |

3

Because Edmonds filed his habeas petition after the one-year statute of limitations had expired, this Court dismissed the petition as untimely. *Id*. at 5; Order 2/23/2017 1, ECF No. 16. Edmonds now moves under Federal Rule of Civil Procedure 59(e) to alter or amend the February 23, 2017 memorandum opinion and order and/or requests that the Court issue him a certificate of appealability. Mot. Amend 1, ECF No. 23.

III.  Whether the Court Should Grant Edmonds' Request to Alter or Amend the February 23, 2017 Memorandum Opinion and Order

Rule 59(e) provides that a party may move to alter or amend a judgment previously issued by the court. Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

A Rule 59(e) motion is not "an opportunity to reargue a case." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). Parties should not use Rule 59(e) motions to raise arguments that could or should have been raised before the court issued the judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 U.S. Dist. LEXIS 29881, at *4 (W.D. Ky. Apr. 19, 2007).

Edmonds asserts that his motion to alter or amend the February 23, 2017 memorandum opinion and order should be granted because the Court erred in finding that his habeas petition was untimely filed and because the Court erred in denying him equitable tolling such that his

4

habeas petition would have been timely filed. Mot. Amend 3–13, ECF No. 23. The Court initially notes that Edmonds fails to clarify whether his Rule 59(e) motion is based on a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *See id.*

      A.      <u>Whether the Court Erred in Finding that Edmonds' Habeas Petition was Not Timely Filed within the One-Year Statute of Limitations</u>

Edmonds asserts that the Court erred in finding that his habeas petition was filed after the end of the one-year statute of limitations. *Id.* at 3–6. Edmonds explains that the post-conviction relief motion became final when the Kentucky Supreme Court declined discretionary review of the appeal on February 10, 2016. *Id.* Edmonds bases this assertion on (1) Kentucky appellate procedure, (2) Congress's intent in enacting AEDPA, and (3) the lack of an order from a Kentucky state court stating that the post-conviction relief appeal was untimely or improperly filed. *Id.* Edmonds contends that the statute of limitations for filing a federal habeas petition thus began running anew on this later date—rather than on October 16, 2013 as this Court previously determined—and that he timely filed his habeas petition within the forty-three days remaining of the one-year statute of limitations. *Id.* The Warden maintains in opposition that Edmonds failed to raise these arguments in his response to the motion to dismiss the habeas petition and thus that his motion to alter or amend the February 23, 2017 memorandum opinion and order is procedurally improper. Resp. Opp. Mot. Amend 1, ECF No. 24.

The Warden is correct that Edmonds did not raise the timeliness arguments in his response to the motion to dismiss the habeas petition. *See* Resp. Opp. Mot. Dismiss 2–4, ECF No. 14. The current motion to alter or amend the February 23, 2017 is primarily intended to reargue the issue of timeliness of the habeas petition and to raise arguments that should or could

have been raised in the response to the motion to dismiss. This is procedurally improper under Rule 59(e). *See Engler*, 146 F.3d at 374.

Additionally, Edmonds' newly-raised arguments in support of his motion to alter or amend the February 23, 2017 memorandum opinion and order on the issue of timeliness lack merit. Turning to the first of these new arguments, Edmonds maintains that Kentucky appellate procedure indicates that the post-conviction relief appeal was properly filed when he submitted an untimely appeal on October 17, 2013. Mot. Amend 4–5, ECF No. 23. Edmonds contends that this proper filing continued the tolling of the habeas petition's statute of limitations until the Kentucky Supreme Court declined discretionary review in 2016. Edmonds principally points to *Moore v. Commonwealth*, 199 S.W.3d 132 (Ky. 2006) as evidence of the proper filing of the post-conviction relief appeal with the Kentucky Court of Appeals. *See id*.

But Edmonds' the post-conviction relief appeal was not properly filed with the higher court in accordance with Kentucky procedural rules and case law. Under Kentucky Rule of Criminal Procedure 12.04(3), an appeal of an order issued by a Kentucky court must be filed thirty days after the entry of judgment. Edmonds filed the notice of appeal after the thirty days that followed the Jefferson County Circuit Court's denial of his post-conviction relief motion. Notice Appeal 4, ECF No. 17-4; Jefferson Circuit Ct. App. 10, ECF No. 17-6.

*Moore* provides that "when incompetence of counsel, especially state-appointed counsel, costs an indigent defendant a statutory right of appeal, that defendant ought to be entitled to at least a reinstated or belated appeal." 199 S.W.3d at 139. *Moore* does not stand for the proposition that an appeal, when belatedly filed, is still *properly* filed. Accordingly, *Moore* does not support Edmonds' argument that his belated post-conviction relief appeal was properly filed with the

6

Kentucky Court of Appeals, which would have continued to toll the time in which the federal habeas petition could be filed under AEDPA.

Edmonds secondly argues that Congress's intent "to promote the principles of comity, finality, and federalism" in enacting AEDPA suggests that tolling of the § 2244 statute of limitations continued until the Kentucky Supreme Court declined review of the post-conviction relief appeal and thus that his habeas petition was timely filed. Mot. Amend 6, ECF No. 23. But the language of AEDPA states that the statute of limitations period may be tolled for that period of time "during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Because Edmonds' the post-conviction relief appeal was untimely filed under Kentucky Rule of Criminal Procedure 12.04(3), the statute of limitations for the habeas petition began to run again when the Jefferson County Circuit Court's order denying the post-conviction relief motion became final, on October 16, 2013. This Court declines to find that congressional intent would better be served by ruling otherwise.

Edmonds thirdly maintains that there was never a ruling by the Kentucky courts that the post-conviction relief appeal was untimely or improperly filed. Mot. Amend 6, ECF No. 23. Thus, according to Edmonds, this Court erred in finding as much, which led to the subsequent erroneous finding that the habeas petition was also not timely filed. *Id*. Yet, the Kentucky Court of Appeals issued a show cause order requiring Edmonds to explain why his belated appeal should not be dismissed for its untimeliness. Ky. Ct. Appeals App. 2, ECF No. 17-2. This show cause order indicates that the Kentucky Court of Appeals considered Edmonds' appeal to be improperly filed, and this newly-raised argument, like the previous ones, is unavailing.

In sum, the Court will deny Edmonds' motion to alter or amend the February 23, 2017 memorandum opinion and order regarding the issue of timeliness of the habeas petition because his supporting arguments are improperly raised under Rule 59(e) and lack merit.

  B. <u>Whether the Court Erred in Denying Edmonds' Equitable Tolling Such That His Habeas Petition Would Be Considered Timely Filed</u>

Edmonds alternatively contends that the Court erred in denying him equitable tolling and should now grant him twenty-nine days of equitable tolling such that his habeas petition would be timely filed during the one-year statute of limitations. Mot. Amend 6–13, ECF No. 23. He asserts that the February 23, 2017 memorandum opinion and order's calculating when the habeas petition's statute of limitations began running anew disregarded the Supreme Court's ruling in *Jimenez v. Quarterman*, 555 U.S. 113 (2009). *Id*. Edmonds also contends that he is entitled to twenty-nine days of equitable tolling because he can demonstrate that he was both pursuing his rights diligently, and that extraordinary circumstance stood his way and prevented timely filing of the post-conviction relief appeal. *Id*. The Warden maintains, however, that Edmonds failed to raise these arguments in his response to the motion to dismiss the habeas petition. Resp. Opp. Mot. Amend 1–2, ECF No. 24. The Warden also argues that Edmonds is not entitled to equitable tolling because he failed to prosecute his rights and equity cannot now act on his behalf. *Id*.

Edmonds failed to raise the equitable tolling arguments now before the Court in his response to the Warden's motion to dismiss the habeas petition. *See* Resp. Opp. Mot. Dismiss 2–4, ECF No. 14. In his response, Edmonds never referred to or referenced the applicability of *Jimenez*. *See* Resp. Opp. Mot. Dismiss 4–6, ECF No. 14. Nor did he request twenty-nine days of equitable tolling. *See id*. Instead, in his response to the motion to dismiss, Edmonds asserted that he was entitled to statutory tolling between November 21, 2013, when his post-conviction relief appeal was filed with the Kentucky Court of Appeals, and February 10, 2016, when the

8

Kentucky Supreme Court declined to review the appeal. *Id*. at 5. Given that a Rule 59(e) motion is not an opportunity for a party to reargue its case or to present arguments that it should already have raised, Edmonds' argument regarding the application of *Jimenez* to this case and his novel request for twenty-nine days of equitable tolling are procedurally improper. *See Engler*, 146 F.3d at 374.

The Court is also unpersuaded by Edmonds' argument that *Jimenez* controls in the present case. In *Jimenez,* the Court held that a state prisoner's direct appeal concludes for the purposes of AEDPA's one-year limitations period when the "availability of direct appeal" to both the State courts and the Supreme Court has been exhausted. 555 U.S. at 119. *Jimenez* did not concern untimely appeals of post-conviction relief motions, and this Court declines to extend the holding of *Jimenez* to appeals of post-conviction relief motions, as Edmonds requests.

IV.  Whether the Court Should Grant Edmonds' Request for a Certificate of Appealability

Edmonds also requests a certificate of appealability. Mot. Amend 13–16, ECF No. 23. To take an appeal to the Court of Appeals from a final order in a habeas proceeding in which the detention arises out of process issued by a state court, a defendant must receive a certificate of appealability from a circuit justice or a judge. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only if the defendant "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). When a district court dismisses a habeas petition on procedural grounds, the certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

9

Here, Edmonds first argues that the effect of the Kentucky Court of Appeal's acceptance of his belated appeal on the tolling of the habeas petition's statute of limitations is unclear. Mot. Amend 15, ECF No. 23. In support, he cites to Citing to *Holbrook v. Curtain*, 833 F.3d 612 (6th Cir. 2016). *Id*.

In *Holbrook*, a Michigan state defendant filed a motion for relief from judgment in the Michigan trial court 269 days into the one-year statute of limitations period for filing a habeas petition. 833 F.3d at 613. The state trial court denied Holbrook's motion for relief from judgment. *Id*. Holbrook timely appealed the trial court's decision. *Id*. The Michigan Court of Appeals denied the appeal. *Id*. Michigan court rules permitted Holbrook fifty-six days during which he could appeal this decision to the Michigan Supreme Court. *Id*. Holbrook appealed to the Michigan Supreme Court four days after the fifty-six day deadline, and the Michigan Supreme Court denied the appeal as untimely. *Id*. at 613–14.

Holbrook then filed a habeas petition motion in federal court under § 2254. *Id*. at 614. The federal district court reasoned that the tolling of the one-year statute of limitations for filing a habeas petition ended when the Michigan Court of Appeals denied Holbrook's appeal. The district court then determined that the tolling had not ended at the end of the fifty-six days during which Michigan procedural rules permitted Holbrook to seek review from the Michigan Supreme Court. *Id*. If the tolling of the one-year statute of limitations had ended at the end of the fifty-six days, Holbrook's habeas petition would have been timely. *See id*.

Based on Michigan's finality rules and in the interests of promoting final judgments, the United States Court of Appeals for the Sixth Circuit determined that the district court had erred in determining that the tolling of the statute of limitations ended when the Michigan Court of

10

Appeals denied Holbrook leave to appeal; instead, the Sixth Circuit held that the tolling ended at the end of the fifty-six days. *Id*. at 618–19.

Given the role of Michigan's procedural rules in the Sixth Circuit's decision, Edmonds' reliance on *Holbrook* is misplaced. This case concerns Kentucky's criminal procedural rules and the finality of judgments in Kentucky.

Edmonds also points to a case from the Seventh Circuit, *Smith v. Battaglia*, 415 F.3d 649 (7th Cir. 2005) to demonstrate that reasonable jurists could debate of correctness of the Court's ruling that the statute of limitations for the habeas petition began running again on October 16, 2013. Mot. Amend 16, ECF No. 23. In *Smith*, Smith, an Illinois state defendant, filed an untimely *pro se* motion for state post-conviction relief with a state trial court. *Id*. at 651. The state trial court dismissed the motion as untimely under Illinois law. *Id*. The state trial court held in the alternative that Smith waived his arguments for failing to raise them on appeal. *Id*. The Supreme Court of Illinois granted Smith leave to file a late appeal but then denied the appeal. *Id*. at 652.

Later, Smith filed a *pro se* habeas petition, which the federal court dismissed as time-barred under the one-year statute of limitations. *Id*. On appeal, the Court of Appeals for the Seventh Circuit determined that the Supreme Court of Illinois had addressed the merits of Smith's claims and had included an "ambiguous comment about timeliness." *Id*. at 653. As such, the Seventh Circuit held that Smith's appeal had been properly filed for purposes of AEDPA. *Id*.

Unlike in *Smith*, the Kentucky Court of Appeals unambiguously acknowledged that Edmonds' post-conviction relief appeal was untimely: the Kentucky Court of Appeals issued a show cause order requiring Edmonds to explain why his appeal should not be dismissed for its untimeliness. Ky. Ct. Appeals App. 2, ECF No. 17-2. This clear directive from the Kentucky

11

Court of Appeals demonstrates that Edmonds' post-conviction relief motion was untimely filed and supports this Court's subsequent conclusion that Edmonds' habeas petition had been filed after the one-year statute of limitations had ended.

Edmonds has not shown that jurists of reason would find it debatable whether this Court was correct in its procedural ruling that the statute of limitations for the habeas petition began running again when the Jefferson County Circuit Court's denial of the post-conviction relief motion became final, on October 16, 2013. Accordingly, the Court need not reach a decision on the merits of the underlying claim. *See Slack*, 529 U.S. at 484. Regardless, a certificate of appealability is not warranted in this case.

V.  Conclusion

The Court will deny Edmonds' motion to alter or amend the February 23, 2017 memorandum opinion and order and will deny his request for a certificate of appealability. An order will be entered in accordance with this memorandum opinion.

May 30, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**